(No. 3558— ▉▉▉▉▉▉)

Dovie Conway, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed September 14, 1943.*

*Rehearing denied November 10, 1943.*

Harris B. Gaines, for claimant.

George F. Barrett, Attorney General; William L. Morgan, Assistant Attorney General, for respondent.

ECKERT, J.

The claimant, Dovie Conway, is the widow of Hezekiah N. Conway, deceased, a corporal, 8th Infantry Regiment, Illinois National Guard. From August 9, 1940, to the date of his death, the deceased was on active duty with his regiment at Camp McCoy, Wisconsin. In civilian life, he was a skilled laundry worker, earning approximately $1,800.00 a year.

The complaint alleges that the deceased was a man of regular habits, sober and industrious and prior to August 9, 1940, in good health except for a slight diabetic condition. The complaint also alleges that between August 9, 1940, and August 24, 1940, while serving with his regiment, the deceased became ill from exposure to severe cold and damp weather conditions; that he contracted pneumonia as a result of his military service, and while performing his military duties; that he became acutely ill on August 23, 1940, was taken to the base hospital at Camp McCoy, and died two days later. Claim is made for compensation on the ground that the death occurred while the deceased was engaged in the line of

duty with the military forces of the State of Illinois.

On August 25, 1940, a military board, called to inquire into the death of the deceased, found that Corporal Conway became ill during field maneuvers as a consequence of an affliction which existed prior to his entry on field training, and made a diagnosis of diabetes mellitus and cardio-vascular syphilis. The report shows the first diagnosis to have been made by Major Homer Cooper on August 24, 1940. The board found that the cause of death was not incurred in line of duty, but existed prior to deceased's entry on field training.

The case is submitted to the court upon the verified complaint, the report of The Adjutant General, Leo M. Boyle, the report of the military board, and three affidavits. Fleetwood M. McCoy, one of the affiants, and a Second Lieutenant, 8th Infantry, Illinois National Guard, stated that the regiment encountered unusually cold and severe weather conditions during the period of August 9th to August 24th, 1940; that Corporal Conway's assignment to supply service necessitated long and continuous hours of work; that his principal duties confined him to a tent, the entrance of which was exposed to the elements continuously; and that Corporal Conway was apparently well and in good health at the beginning of the period of field training. Lieutenant McCoy further stated that it was his belief the illness contracted by Corporal Conway was in line of duty and was a result of exposure.

Roosevelt Brooks, a Junior Officer in the same regiment, stated that he made a preliminary examination and diagnosis of Corporal Conway on August 23, 1940, and directed that he be taken to the Base Hospital; that Corporal Conway, during the period of August 9, 1940, to August 23, 1940, was exposed to unusually rainy, damp, and chilly weather; that the diabetic condition of

the deceased was under control and inactive during the time he was at Camp McCoy. He was of the opinion, based upon his knowledge and experience as a physician, and upon reasonable medical certainty, that the secondary cause of Corporal Conway's death was diabetes, but that the primary and immediate cause was pneumonia due to unusual exposure.

William O. R. Bourne, Captain, 8th Regiment, Illinois National Guard, and Personnel Adjutant, stated that the diabetic ailment of Corporal Conway during the period in question was apparently under control, and that he appeared fit and hardy. In the light of his experience as a soldier and officer, and the previous state of health of Corporal Conway, the Captain stated he was convinced Corporal Conway died as a result of exposure, aggravating the diabetic condition, occasioned in the line of duty while participating in regimental field training.

The claim arises under Section 11 of Article XVI of the Military and Naval Code of this State, which provides that in every case where an officer or enlisted man shall be injured, wounded, or killed while performing his duty in pursuance of orders from the Commander-in-Chief, he or his heirs or dependents, shall have a claim against the State for financial help or assistance, and the State Court of Claims shall act on and adjust the same as the merits of each case may demand. Pending action of the Court of Claims, the Commander-in-Chief is authorized to relieve emergency needs upon recommendation of a board of three officers, one of whom shall be an officer of the medical department.

Under the statute, it is incumbent upon the claimant to prove that the injury or death occurred while the officer or enlisted man was performing his duty in pursuance of orders from the Commander-in-Chief. In other

words, the injury or death must occur in the line of duty. The military board, which was convened immediately upon the death of Corporal Conway, found that the injury or death was not so incurred, but was due to an affliction which existed prior to the time the deceased entered upon his field training. The board found that the death was caused, not by exposure or pneumonia, but by diabetes mellitus and cardio-vascular syphilis. The report of the Adjutant General indicates that the deceased entered the hospital in a very emaciated condition.

The affidavits which have been submitted in behalf of the claimant are in substance the conclusions of three members of deceased's regiment who believe the deceased died as a result of exposure rather than as a result of the physical disability found to exist by the military board. The inference which Lieutenant McCoy draws from the facts stated in his affidavit is not justified by the facts themselves. The same is true of the affidavit of Captain Bourne. The affidavit of Roosevelt Brooks, although of greater value because of his examination of the Corporal when he was first taken acutely ill, is less persuasive than the report of the military board.

Upon consideration of the entire record, the court is of the opinion that the findings of the military board are correct; that Corporal Conway's death was caused by diabetes mellitus and cardio-vascular syphilis, and was not caused by any injury or disease suffered or contracted in the line of duty, or while performing his duty in pursuance of orders from the Commander-in-Chief.

An award is therefore denied.